UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MANUEL MORALES-CALDERON,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 09-1539 (JAF)

(Crim. No. 07-395)

**OPINION AND ORDER**

Petitioner, Manuel Morales-Calderón, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his rights under federal law. (Docket No. 1.) The Government opposes. (Docket No. 7.)

**I.**

**Factual and Procedural History**

On September 26, 2007, Petitioner was indicted, along with twenty-nine others, for his role in a conspiracy to distribute and to possess with intent to distribute cocaine, cocaine base ("crack"), heroin, and marijuana in Naranjito, Puerto Rico. The indictment characterized Petitioner as one of three "leaders, owners, and managers" of the conspiracy. (Crim. No. 07-395, Docket No. 3.) Petitioner entered into an oral agreement with the Assistant U.S. Attorney to plead guilty to conspiracy to possess with intent to distribute 1.5–4.5 kg of crack. (Crim. No. 07-395, Docket No. 880.) On the day before sentencing, Petitioner's counsel moved for a continuance of the sentencing hearing to allow him time to file a sentencing memorandum—a motion that we denied. At the sentencing hearing, however, counsel argued the substance of the

proposed sentencing memorandum, a request for a downward departure. (Crim. No. 07-395, Docket No. 881.) Despite Petitioner having pleaded guilty to conspiracy to possess crack, counsel stated that Petitioner had always told him he was involved only in marijuana distribution. (Id.) Counsel also argued that testimony of a government witness at the trial of Petitioner's coconspirators supported this contention that Petitioner "only deal[t] with marijuana." (Id. at 11.) We denied counsel's request, sentencing Petitioner to 135 months' confinement, the lowest sentence recommended under the U.S. Sentencing Guidelines.

Petitioner filed the present case asserting two instances of ineffective assistance of counsel as grounds for relief from his conviction. He first claims that counsel was ineffective in advising him to plead guilty to conspiracy to possess with intent to distribute crack, despite Petitioner telling counsel that he only was involved with marijuana. Second, Petitioner claims counsel's assistance was ineffective because counsel labored under a conflict of interest and, therefore, did not inform him of the testimony of the government witness or inform him that he could withdraw his plea.

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . 'state conclusions instead of facts, contradict the record, or are inherently incredible.'" Owens v. United States,

Civil No. 09-1539 (JAF) -3-

483 F.3d 48, 57 (1st Cir. 2007) (quoting United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993)); see 28 U.S.C. § 2255(b). A petitioner cannot obtain relief on a claim not raised at trial or on direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982).

### III.

### Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The success of a claim of ineffective assistance of counsel under § 2255 depends on a petitioner's showing both a deficient performance by his trial counsel and a resulting prejudice. Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010). Deficient performance is present where the trial counsel's representation "fell below an objective standard of reasonableness," a standard that is informed by "prevailing professional norms." Id. (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. See Strickland, 466 U.S. at 690. To succeed on an ineffective-assistance-of-counsel claim, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. This inquiry into counsel's performance is "highly deferential" and rejects comparisons to "perfect advocacy judged with the benefit of

Civil No. 09-1539 (JAF) -4-

hindsight." Sleeper v. Spencer, 510 F.3d 32, 38 (1st Cir. 2007) (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)).

Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Where a habeas petitioner challenges a guilty plea with a claim of ineffective assistance of counsel, the prejudice prong of Strickland will be satisfied only where the petitioner "show[s] that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### A.     Counsel's Advice to Plead Guilty

We turn first to Petitioner's claim that counsel was ineffective in advising him to enter his plea. Petitioner argues that because he had previously informed counsel that he "dealt with only marijuana," counsel's advice to enter into an oral agreement to plead guilty to conspiracy to possess crack with intent to distribute was deficient. (Docket No. 1.) At the sentencing hearing, counsel stated that his advice that Petitioner accept the plea offer was a "professional judgment based on several factors," one of which was that the "consequences could have been worse" if Petitioner had gone to trial and been convicted of conspiracy to possess with intent to distribute cocaine, crack, heroin, and marijuana, as charged in the single conspiracy. (Docket No. 1-3 at 16–17.)

A conspiracy exists where a "defendant and one or more coconspirators intend[] to agree and . . . to commit the substantive criminal offense which [is] the object of their unlawful agreement." United States v. Rosario-Diaz, 202 F.3d 54, 64 (1st Cir. 2000). To determine

Civil No. 09-1539 (JAF)                                                                                          -5-

whether defendants have agreed to be members of a single conspiracy, courts will consider a totality of the evidence while giving particular weight to: (1) a common goal; (2) interdependence among the participants; and (3) overlap among participants. See United States v. Mangual-Santiago, 562 F.3d 411, 421 (1st Cir. 2009). "'[F]urthering the distribution of [narcotics] is sufficient . . . evidence' of a common goal." Id. (quoting United States v. Portela, 167 F.3d 687, 695 (1st Cir. 1999)). Interdependence exists where one participant's activities are "necessary or advantageous" to the activities of the coconspirators. Id. Finally, overlap may be demonstrated by the pervasive involvement of a central "hub" conspirator. Id.

Counsel was not unreasonable in his belief that Petitioner risked conviction for a single conspiracy to possess and distribute multiple narcotics, including crack. Petitioner was indicted as one of three leaders or managers of single conspiracy to distribute various narcotics. He and a coconspirator were alleged to funnel all profits through the third leader, a central hub. Even if true that he only controlled the marijuana distribution aspect of the operation, this could still be evidence of the existence of the conspiracy and Petitioner's voluntary participation in it. See United States v. Rivera-Ruiz, 244 F.3d 263, 267–68 (1st Cir. 2001). Given these circumstances, Petitioner risked being found guilty of conspiracy to possess with intent to distribute heroin, cocaine, and marijuana, and in amounts that could have resulted in much greater base offense levels than stipulated in his plea.

It is clear from his statements at the sentencing hearing that counsel considered his advice to accept the plea offer as a strategic choice, one designed to secure a lesser sentence for Petitioner. We find that this was an objectively-reasonable strategy because of the harsher

Civil No. 09-1539 (JAF) -6-

sentence Petitioner risked if convicted of conspiracy to possess with intent to distribute cocaine, crack, heroin, and marijuana.

### B. Failure to Inform of Evidence Produced at Trial and Ability to Withdraw Plea

Next, we analyze Petitioner's claim that counsel was deficient at the sentencing hearing in not previously informing Petitioner of (1) evidence that had been produced by the Government at the trial of his coconspirators; and (2) his ability to request that his plea be withdrawn. Petitioner attributes this behavior to a conflict of interest. Putting aside the question of whether counsel's performance here was deficient, we find that Petitioner suffered no prejudice.

At the sentencing stage, defendants do not have an absolute right to withdraw a plea. See Fed. R. Crim. P. 11(d). Instead, this is left to the discretion of the court, which must find that a "fair and just reason" has been presented for withdrawing the plea. Id. The factors a court will consider include (1) whether the plea conformed with Rule 11 and was voluntary, knowing, and intelligent; (2) the strength of the reasons proposed for withdrawal; (3) whether a serious claim of actual innocence is present; (4) the timing of the motion; and (5) whether the Government would be prejudiced by the withdrawal. United States v. Isom, 580 F.3d 43, 52 (1st Cir. 2009). Of these factors, compliance with Rule 11 is the most important. Id.

Petitioner has raised no challenge to the validity of his plea under Rule 11. In reviewing the colloquy, we note that Petitioner asserted that he was making his plea voluntarily, that he understood, following our explanation, the crime he was pleading guilty to, and that he understood the rights he was waiving by entering his plea. (See Crim. No. 07-395, Docket No. 880.) In essence, Petitioner claims that the testimony of a government witness during the

trial of his coconspirators would have established multiple conspiracies, with Petitioner's conspiracy limited to marijuana. (See Docket No. 1-2.) If that were true, Petitioner could not be criminally liable for the organization's dealings in crack. Consequently, the factual predicate for Petitioner's plea would be lacking. We disagree with this argument.

The testimony cited by Petitioner establishes that one of Petitioner's coconspirators was the "leader of the organization" and that within that organization Petitioner was in charge of the marijuana distribution, while another coconspirator was in charge of powder cocaine. (See Crim. No. 07-395, Docket No. 907 at 60–61.) Further testimony from FBI Special Agent Regino Chavez indicated that Petitioner was in charge of marijuana distribution and that he reported directly to the "big boss." (See Crim. No. 07-395, Docket No. 903 at 68, 92–93.) Various wiretapped conversations were introduced during that trial, including Petitioner's discussions of the supply of crack in the organization. (See, e.g., Crim. No. 07-395, Docket No. 904 at 81.) This evidence does not establish that Petitioner did not conspire to possess with intent to distribute crack. Rather, it tends to establish that the responsibility he had been delegated in this organization—whose goal was to distribute multiple narcotics—was leadership over a single narcotic, while sharing power and reporting to a coconspirator. Thus, the testimony Petitioner points to is neither a good reason to allow his plea to be withdrawn nor persuasive evidence of actual innocence.

Finally, the Government would have been prejudiced in that three months had passed since the end of the trial, requiring the U.S. Attorney's Office to expend valuable resources on a second trial.

Civil No. 09-1539 (JAF) -8-

In light of the above factors, an attempt by Petitioner to withdraw his guilty plea would have lacked the requisite "fair and just reason." See Fed. R. Crim. P. 11. Thus, because Petitioner's motion to withdraw his plea would not have been granted by this court, he was not prejudiced by counsel's failure to inform him of the testimony in his coconspirator's trial or the possibility of withdrawing his plea. See Hill, 474 U.S. at 59 (holding that there can be no prejudice where petitioner cannot demonstrate with reasonable probability that he would have gone to trial were it not for counsel's error).

## IV.
## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief in this court.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 15th day of October, 2010.

                  s/José Antonio Fusté
                  JOSE ANTONIO FUSTE
                  Chief U.S. District Judge